# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC W. BURTON, CDCR #F-02720,<br><br>Plaintiff,<br><br>vs.<br><br>R.M. FOX, et al.,<br><br>Defendants. | Civil No.   15-cv-2458-BAS-JLB<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g)**<br>**[ECF No. 2]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Eric Burton ("Plaintiff"), proceeding pro se and currently incarcerated at the California Medical Facility in Vacaville, California, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2.)

/ / /

## I.     LEGAL STANDARD

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an additional hurdle." *Id*. In addition to requiring prisoners to "pay the full amount of a filing fee" in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id*.; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]") (hereafter "*Cervantes*"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted). This includes cases in which "the district court styles [a] dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee."

*O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

## II. DISCUSSION

Two factors guide the Court's analysis of Plaintiff's IFP motion here. First, the Court has carefully reviewed Plaintiff's original Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Second, the Court takes judicial notice of Plaintiff's prior civil actions and appeals brought while he was a prisoner. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks and citation omitted); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court takes judicial notice that Plaintiff, while incarcerated, has brought more than three prior civil actions and appeals, in both this Court and in the Eastern District of California, which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Those actions include:

(1) *Burton v. McFin, et al.*, Civil Case No. 3:05-cv-02315-JM-NLS (S.D. Cal. Apr. 4, 2006) (Order dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)) (ECF Doc. No. 10) (strike one);

(2)  *Burton v. Hernandez, et al.*, Civil Case No. 2:07-cv-00267-LDG (E.D. Cal. Feb. 11, 2008) (Order Dismissing Complaint for failing to state a claim) (ECF Doc. No. 21) (strike two);

(3)  *Burton v. Cate*, Civil Case No. 2:11-cv-01616-MCE-CKD (E.D. Cal. Aug. 24, 2011) (Findings and Recommendations that action be dismissed for failing to state a claim) (E.D. Cal. Oct. 7, 2011) (Order adopting findings and recommendations and dismissing action with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)) (ECF Doc. No. 13) (strike three);

(4)  *Burton v. McDonald, et al.*, Civil Case No. 2:11-cv-02187-JAM-KJN (E.D. Cal. July 16, 2012) (Findings and Recommendations granting Defendants' Motion to Dismiss for failing to state a claim) (E.D. Cal. Sept. 26, 2012) (Order adopting findings and recommendations and dismissing action for failing to state a claim) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than the three strikes permitted pursuant to § 1915(g), and fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed this action, he is not entitled to proceed IFP.

### III.  CONCLUSION & ORDER

For the reasons set forth above, the Court hereby:

(1)  **DENIES** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28 U.S.C. § 1915(g); and

(2)  **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a).

The Clerk shall close the file.

**IT IS SO ORDERED.**

**DATED: November 4, 2015**

Hon. Cynthia Bashant
United States District Judge